UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| PAUL J. FLETCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08 1687 |
| ) | |
| RONNIE R. HOLT, Warden, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Petitioner is a prisoner under sentence imposed by the Superior Court for the District of Columbia in 1975 who is confined at the United States Penitentiary Canaan in Waymart, Pennsylvania. Petitioner filed a habeas petition challenging his conviction and sentence. Specifically, he asserts that his sentence was illegal in that it exceeded the maximum sentence allowed and because he was sentenced twice for the same offense. In addition, he contends that he was not notified of his appeal rights, was deprived of his right to confront his accuser, and had ineffective assistance of counsel. (Pet. at 5-6.) He acknowledges that all these grounds for release have been presented to the District of Columbia courts. (*Id.* at 6.) The petition will be dismissed for lack of jurisdiction.

Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges). Here, petitioner has already availed himself of a motion under § 23-110, which was denied. (Pet. at 3.) "An application for a writ of habeas

corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).  Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); see Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992); accord Blair-Bey v. Quick, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

Garris v. Lindsay, 794 F.2d at 726 (quoting Swain v. Pressley, 430 U.S. 372, 382-83 (1977)) (footnotes omitted).  The mere denial of relief by the local courts does not render the local

remedy inadequate or ineffective. See id. at 727; Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner has been denied relief under § 23-110. He has not claimed, and it does not appear, that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention. Therefore, his habeas petition before this court must be dismissed for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: 9/15/08

United States District Judge